28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Stephen R. WALSH, Debtor.
A. Burton SHUFORD, Trustee in Bankruptcy for Stephen R.
Walsh, Plaintiff-Appellee,
v.
Richard L. HOVIS; Kelly W. Hovis, Defendants-Appellants.
 No. 93-2293.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1994.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-92-397-P, BK-A-2448-90-0330)
 Charles Dowd Gray, III, Gray & Hampton, Gastonia, NC, for Appellants.
 A. Burton Shuford, Shuford, Hunter & Brown, P.A., Charlotte, NC, for appellee.
 G. Martin Hunter, Shuford, Hunter & Brown, P.A., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL and WILLIAMS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Stephen Walsh, the debtor in the underlying bankruptcy proceeding, became one of the original subscribers of Charlotte Hornets season tickets by placing a $10,000.00 deposit which gave him the right to purchase up to 100 season tickets each year. Prior to purchasing tickets for the Hornets' first season, Stephen asked his brother, Maurice Walsh, if he wanted to purchase any tickets. Maurice stated that he did and paid Stephen for six tickets. Stephen then purchased twenty-two tickets for the 1988-89 season.[1] The six tickets purchased by Maurice were issued in Stephen's name and remained in his name until after the bankruptcy petition was filed.[2]
 
 
 2
 In June 1989, Maurice and his wife were killed in an airplane accident. Stephen subsequently offered Maurice's daughter, Kelly Hovis, the opportunity to purchase the six tickets for the 1989-90 season. Kelly and her husband, Richard, paid Stephen the purchase price for the six tickets.[3] Following the filing of the involuntary bankruptcy petition, Stephen transferred record ownership of the six tickets to Kelly and Richard Hovis without the authorization of the Bankruptcy Court. The Trustee, A. Burton Shuford, brought an adversary proceeding in the United States Bankruptcy Court to avoid the transfer of six tickets.
 
 
 3
 In response to the Trustee's complaint, Richard and Kelly Hovis contended that the tickets were held by Stephen Walsh in a resulting trust for Maurice Walsh. As the subject of a resulting trust, the tickets would not be part of the bankruptcy estate. The Bankruptcy Court rejected this argument and held that the tickets were the property of the bankruptcy estate. The Bankruptcy Judge's findings that the right to buy the tickets is an asset of value; that no consideration was paid for the right to purchase the six tickets in the future; and that there was no resulting trust is supported by substantial evidence and is not clearly erroneous. Likewise, the finding that the right to purchase the tickets was not a gift because no transfer was made until after the bankruptcy filing cannot be faulted. The Hovis' appealed the Bankruptcy Judge's ruling to the United States District Court for the Western District of North Carolina which affirmed the judgment of the Bankruptcy Court. Richard and Kelly Hovis now appeal the District Judge's ruling.
 
 
 4
 We have considered the record, the briefs and arguments of the parties, and we affirm the judgment of the District Court for the reasons stated by that court in its Order. A. Burton Shuford, Trustee in Bankruptcy for Stephen R. Walsh v. Richard L. Hovis and Kelly W. Hovis, No. 3:92CV397-P (W.D.N.C. September 1, 1993).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Stephen purchased ten tickets for himself, six tickets for Maurice and six tickets for another friend. The $10,000.00 deposit was credited against the purchase price of the twenty-two tickets
 
 
 [2]
 This fact is significant because the record owner of a season ticket has the right to purchase that same ticket for future seasons
 
 
 [3]
 With permission of the trustee, the Hovis' paid the Charlotte Hornets directly for the 1990-91, 1991-92 and 1992-93 season tickets